IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT FERNANDEZ,                                            CV. 09-589-HU

        Plaintiff,                                            ORDER

  v.

STATE OF OREGON, MAX WILLIAMS,

        Defendants.

BROWN, Judge

    Plaintiff, an inmate at Deer Ridge Correctional Institution, brings this action *pro se.* Plaintiff originally filed this action as a habeas corpus proceeding, alleging that prison officials implanted an electronic monitoring device in his body which has caused him injury.

    On June 26, 2009, Magistrate Judge Hubel issued an order, construing this action as a civil rights proceeding, and requiring plaintiff to notify the court whether he wishes to proceed with this case as construed by the court. Order (#6). Plaintiff was advised that a prisoner bringing a civil rights action *in forma pauperis* is required to pay the $350.00 filing fee when funds

1 - ORDER

exist.  Id.  Additionally, plaintiff was advised that if he proceeds with this case, it will be subject to dismissal on the grounds of timeliness, *res judicata*, sovereign immunity, and lack of personal involvement.  Id.

On July 13, 2009, plaintiff moved the court for a 90-day extension of time to file an amended complaint.  On July 22, 2009, plaintiff's motion for extension was granted to October 23, 2009. Plaintiff has not filed an amended complaint.  Instead, on August 3, 2009, plaintiff filed a motion for preliminary injunction seeking a medical examination and x-ray to establish the existence of the implant.

Based on the foregoing, IT IS ORDERED that plaintiff's motion for preliminary injunction (#9) is DENIED on the basis that plaintiff has failed to demonstrate *any* likelihood of success on the merits as set forth in Judge Hubel's Order (#6).  See Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED.  When funds exist, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the

2 - ORDER

amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

IT IS ORDERED that the Oregon Department of Corrections shall collect payments from plaintiff's prison trust account and shall forward those payments to the Clerk of the Court in accordance with the formula set forth above until a total of $350.00 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this order to the Oregon Department of Corrections, Central Trust Unit, 2575 Center Street, Salem, Oregon 97310.

IT IS SO ORDERED.

DATED this 5th day of August, 2009.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge

3 - ORDER